**Nirmal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74200, A36–327–149.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2004.*

Decided May 5, 2004.

Claro L. Mamaril, Esq., Mamaril & Mamaril, Vallejo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H, Molina, Jr., Barry J. Pettinato, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

The record does not compel the conclusion that there was a lack of "clear, un-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

equivocal, and convincing evidence that [Nirmal Singh] abandoned his lawful permanent residence in the United States." *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir.2003).

Singh may not gain re-entry as a returning lawful permanent resident (LPR) after his twenty-three month visit to Fiji, because Singh was not "returning to an unrelinquished lawful permanent residence after a temporary visit abroad." *Id.* (citations and internal quotation marks omitted). A trip abroad is considered a temporary visit if: "(a) the permanent resident's visit is for a period relatively short, fixed by some early event, or (b) the permanent resident's visit will terminate upon the occurrence of an event having a reasonable possibility of occurring within a relatively short period of time." *Id.* at 1106–07 (internal quotation marks omitted).

Singh's twenty-three month trip abroad cannot be considered a "relatively short" visit. *See Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir.1997) (holding that an eight-month trip abroad "could not be described as 'relatively short' ").

Neither is Singh's visit abroad reasonably viewed as pedicated upon the occurrence of an imminent event. Rather, Singh's expressed intent to return was predicated upon at least one open-ended event ("train[ing] someone"), and his actions (closing his bank accounts and leaving no property behind) were not consistent with an intent to return to the United States at the earliest opportunity. *See Chavez–Ramirez v. INS*, 792 F.2d 932, 937 (9th Cir.1986) (describing an open-ended reason for prolonging a trip abroad); *see also Khodagholian*, 335 F.3d at 1007 (explaining that this Court determines intent by considering factors such as "the alien's family ties, property holdings, and business affiliations within the United States").

Most importantly, Singh exhibited a clear intent to abandon his LPR status when he surrendered his alien registration card and executed INS Form I-407, "Abandonment By Alien Of Status As Lawful Permanent Resident," and requested a non-immigrant visitor's visa. *See Singh*, 113 F.3d at 1515 (determining that applying for and receiving a visitor's visa to enter the United States is evidence that an alien did not intend to remain a LPR).

Finally, Singh did not return to the United States once the land survey and the hiring of a "trainee" were accomplished. *See Chavez–Ramirez v. INS*, 792 F.2d 932, 937–38 (9th Cir.1986) (upholding the BIA's determination that an alien abandoned her LPR status when she did not return to the United States upon the conclusion of the reason for her trip abroad).

PETITION DENIED.